**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **JESSICA WALKER,** | : | CASE NO. _____ |
| | | JUDGE_____ |
| **PLAINTIFF,** | : | |
| | | |
| V. | : | **COMPLAINT WITH** |
| | | **JURY DEMAND** |
| **OHIO NATIONAL FINANCIAL SERVICES, INC.** | : | |
| | : | |
| **DEFENDANT.** | | |

_____

## INTRODUCTION

This is an action for damages and injunctive relief based upon Plaintiff's claim that Defendant unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (hereinafter referred to as Title VII), 42 U.S.C. § 2000(e) et seq., when it terminated her employment because she indicated that she intended to contact the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in this case under Title VII, as this matter involves a question of federal law.

2. Venue is proper in the Southern District of Ohio, Western Division at Cincinnati because it is the location where the claims as set forth herein arose.

## PARTIES

3. Plaintiff is a resident of New Madison, Ohio and Darke County, Ohio.

4. Plaintiff exhausted her administrative remedies by timely filing a charge of retaliation with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), through the Ohio Civil Rights Commission, alleging that Defendant terminated her employment because she indicated that she intended to contact the Equal Employment Opportunity Commission. A copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit A. Plaintiff received a Right to Sue letter on April 13, 2021, which is attached hereto as Exhibit B.

5. Plaintiff is an attorney, with an LL.M. in Business and Taxation, who is licensed to practice law in the State of Ohio.

6. Plaintiff was employed by Defendant from July 7, 2012 through July 31, 2017, as a Senior Advanced Planning Consultant.

7. Defendant is an insurance company with its principal place of business in Hamilton County, Ohio.

8. Defendant is an employer within the meaning of Title VII.

9. Defendant was Plaintiff's employer at the time that her claims arose.

**FACTUAL BACKGROUND**

10. In 2017, Defendant announced that it would implement a modified full-time work schedule which would be available to some employees. It was Plaintiff's understanding that the modified schedule was to benefit females with young children.

11. In July 2017, Plaintiff expressed concerns about the modified work schedule not being offered to all similarly-situated employees.

12. On Friday, July 28, 2017, Plaintiff met with her immediate supervisor, David Szeremet, Vice President of Human Resources, Pam Webb, Vice President of Life

Product Marketing, Karl Kreunen, and Vice President of Legal and Corporate Secretary, Therese McDonough to discuss her concerns about the modified work schedule.

13. During the meeting on July 28, 2017, Plaintiff indicated that if Defendant implemented the modified work schedule and did not offer the same work schedule options to all similarly-situated employees, she would likely contact the EEOC to determine if Defendant's disparate treatment in offering the modified work schedule to only select employees was unlawful.

14. During the meeting on July 28, 2012, Plaintiff repeatedly referenced EEOC guidelines in support of her position that not offering the modified work schedule to all similarly-situated employees could be discriminatory on the basis of sex under federal anti-discrimination laws.

15. Defendant terminated Plaintiff's employment on Monday, July 31, 2017, the next business day following the meeting.

16. Defendant implemented its modified work schedule program after terminating Plaintiff's employment.

17. Defendant terminated Plaintiff's employment in retaliation for Plaintiff opposing the modified work schedule program because it was potentially discriminatory on the basis of sex and threatening to contract the EEOC if Defendant implemented its modified work schedule program and did not offer the program to all similarly-situated employees.

18. The actions of Defendant were wanton and malicious and/or in reckless disregard for Plaintiff's statutory rights under Title VII.

## **FIRST CLAIM FOR RELIEF**

19. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 16, as if fully rewritten herein.

20. The actions of Defendant constitute retaliation in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000(e), et seq.

WHEREFORE, Plaintiff demands the following:

A. Lost wages, fringe benefits, and compensatory damages in an amount exceeding $75,000.00;

B. Punitive damages in an amount exceeding $75,000.00;

C. Attorney fees and costs of this suit;

D. Other relief that this Court may determine to be appropriate.

Respectfully submitted,

*/s/ Jason P. Matthews*
Jason P. Matthews-0073144
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH 45402
P. (937) 608-4368 F. 1-888-577-3589
Jason@daytonemploymentlawyers.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on her legal claims.

*/s/ Jason P. Matthews*
Jason P. Matthews